UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| THOMAS MCFADDEN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 4110 |
| | ) | |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| SERGEANT STEVEN PRYOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

The case is before the Court on defendants' motion to dismiss [72] for lack of standing and for failure to state a claim. Defendants seek to dismiss the operative complaint, which is the Third Amended Complaint ("TAC") [57], filed October 8, 2014. For the reasons explained below, the motion is granted.

Background

Plaintiff's TAC alleges that, on March 3, 2012, Officer Pryor, Supervisor Brzeczek, Sergeant Hroma and certain unknown defendants, arrived at 732 North Lawndale in Chicago to execute a search warrant. TAC [57], ¶14. At that time, the property was owned by plaintiff's mother, Ethel McFadden, who was then 74 years old and suffering from esophageal cancer. *Id.*, ¶13. The defendants had a search warrant and, pursuant to that warrant, they searched for Sam Walker and searched the first floor of the property. The warrant allowed them to "seize firearms, ammunition, bullets, bullet casings, firearm boxes, firearm magazines, documents referencing the purchase and/or sale of firearms and documents showing proof of

residency." TAC, ¶15 and Exhibit B [57-1], p. 10. Additionally, according to the TAC, Ethel signed a "Consent to Search" form, allowing defendants to search beyond the warrant and into the basement, hallways and garage of the property. *Id.*, ¶16 and Exhibit C [57-1], p. 11. Plaintiff further alleges that the defendants "broke down the garage door, entered and searched the garage" and "broke the back door of the house" and "broke into and searched the second floor unit which was occupied by unrelated tenants." TAC, ¶¶17-18. Plaintiff alleges that by "the time the Defendants left, the Property had been severely damaged, all the locks had been broken, and the house could not be secured." TAC, ¶20.

While plaintiff did not own the searched property on March 3, 2012, he alleges that he is the "only child and only heir" of Ethel, who has since died (the TAC does not say when she passed away), and "has succeeded to the ownership of the Property." TAC, ¶24. Based on these allegations, plaintiff asserts one claim under Section 1983, alleging that "the Defendants willfully and maliciously and under cover of the law of the State of Illinois deprived him of the rights, privileges, and immunities secured by the Constitution and laws of the United States, and the State of Illinois." *Id.*, ¶ 27.

Discussion

The defendants have moved to dismiss the TAC for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim for which relief may be granted under Rule 12(b)(6). Under both 12(b)(1) and 12(b)(6), the Court must construe the Complaint in the light most favorable to Plaintiff, accept

as true all well-pleaded facts and draw all reasonable inferences in its favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Dev't Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted true. *Yeftich*, 722 F.3d at 915.

For a Rule 12(b)(1) motion, Plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014). If the jurisdictional facts are challenged, Plaintiff must support those facts by competent proof. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). The standard for a Rule 12(b)(1) motion differs from that under Rule 12(b)(6) only in that the Court "may properly look beyond the jurisdictional allegations of the [claim] and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir.2009).

To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

A.   Plaintiff's Standing to Pursue this Claim

The defendants first argue that plaintiff lacks standing to sue for violation of his Fourth Amendment rights (via Section 1983) because he could have had no expectation of privacy (much less a reasonable expectation of privacy) in the property at 732 North Lawndale. At the time of the search, he had no ownership interest in the property and did not reside there. Nor did he have any ownership interest at the time the suit was filed (and, having been in police custody since 2011, he did not live there at that time either).

"The Supreme Court has characterized the doctrine of standing as 'an essential and unchanging part of the case-or-controversy requirement of Article III' of the Constitution." *Perry v. Village of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "A party seeking to invoke a federal court's jurisdiction must demonstrate three things: (1) an 'injury in fact,' which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant and not from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision. *Perry*, 186 F.3d at 829 (quoting *Lujan*, 504 U.S. at 560–61). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *See Lujan*, 504 U.S. at 561, 112 S.Ct. 2130. Since the

elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation." *Id.*

In ruling on a motion to dismiss for lack of standing, the well-pleaded allegations of the complaint must be accepted as true. *See Warth*, 422 U.S. at 501. But where "standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with 'competent proof.'" *Retired Chicago Police Ass'n*, 76 F.3d at 862. "Competent proof" requires a showing by a preponderance of the evidence that standing exists. *See NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995).

Here, plaintiff alleges that the defendants' unconstitutional search of his mother's home deprived him of his rights under the Fourth Amendment. The Fourth Amendment focuses on whether there is a "'constitutionally protected reasonable expectation of privacy.'" *California v. Ciraolo*, 476 U.S. 207, 211 (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967)). "Fourth Amendment rights are personal rights, which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978)(citations omitted). Fourth Amendment rights are not derivative, but may only be asserted by one whose Fourth Amendment rights have been violated. *Alderman v. United States*, 394 U.S. 165, 171-72 (1969); *U.S. v. Eighty Thousand Nine Hundred Forty-*

5

*One and 05/100 Dollars ($80,941.05) in U.S. Currency*, No. 05-2106, 2006 WL 1215194, at *4 (C.D. Ill. May 5, 2006). In *Siebert v. Severino*, 256 F.3d 648, 655 (7th Cir. 2001), plaintiffs – a husband and wife – sued an Agricultural Investigator under Section 1983 alleging violation of the Fourth Amendment; the plaintiffs alleged that the defendant conducted an unreasonable search of their barn and unreasonably seized their horses. The Seventh Circuit held that the husband lacked standing to sue, because he did not own the horses and because the papers for the horses were all in the wife's name. *Id.*, at 655.

To claim the protection of the Fourth Amendment, a plaintiff must demonstrate "that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one that has 'a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" *Rakas*, 439 U.S. at 143-144, and n. 12. Here, plaintiff concedes that he did not own and was not in possession of the property at the time of the allegedly unconstitutional search. He did not reside there at the time and was not physically present at the time; he was, in fact, incarcerated at the time. Nor did he have any ownership interest in the property at the time. He had no reasonable expectation of privacy in the property. The fact that he may have lived at the property at one time or may inherit a future ownership interest in the property is not enough.

Relatedly, plaintiff argues that he has standing to bring the Section 1983 claim on behalf of his mother, as the administrator of his mother's estate. Initially,

6

plaintiff concedes that he is not the administrator of his mother's estate and has no legal right to assert a claim on behalf of his mother. Thus, consideration of this issue is premature and does not affect the Court's decision today.

Plaintiff represents in his motion that he "intends, if necessary, to file to become administrator of the estate." Response, p. 4. Becoming the administrator might confer standing to plaintiff, but that effort ultimately would be futile because any claim based on the allegations in the Third Amended Complaint would still fail as a matter of law. Even if asserted on behalf of Ethel McFadden's estate, any allegations plaintiff asserts must still give rise to a federal claim for violation of his mother's constitutional rights. The allegations currently before the Court do not.

B.  The Substance of Plaintiff's Claim

The defendants have moved to dismiss under Rule 12(b)(6) for failure to state a claim. "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.' " *Doe v. Village of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the operative complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and

7

drawing all reasonable inferences in her favor. *E.g., Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013)(citing Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). But the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Yeftich*, 722 F.3d at 915 (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

It is not entirely clear from the allegations of the TAC whether plaintiff is claiming that the search was unreasonable because the warrant was invalid, or because the search exceeded the scope of the warrant. But in either case, he has failed to state a claim for which relief may be granted.

First, if plaintiff is challenging the validity of the warrant that authorized the defendants' March 3, 2012 search, the Court agrees with the defendants that such a claim cannot succeed. When assessing a Fourth Amendment challenge to a search warrant, the reviewing court is limited to determining whether the issuing magistrate had a substantial basis for concluding that probable cause existed. *E.g.*, *Illinois v. Gates*, 462 U.S. 213, 238-239 (1983). The search warrant, which is attached to the complaint, was signed by a judge and appears valid on its face. Indeed, the TAC does not allege any deficiency, and there is no allegation here that the issuing court somehow lacked probable cause.

In response to defendants' motion to dismiss, plaintiff argues that he has stated a valid §1983 claim because the defendants exceeded the scope of the search warrant when they searched the 2nd floor apartment at 732 North Lawndale, even though the search warrant allowed them to search the 1st floor. There are two problems with this assertion. First, plaintiff has not alleged damages for exceeding the scope of the warrant; he has alleged damages for execution of the warrant. Second, the TAC concedes that Ethel McFadden – who owned the property at the time of the search – consented to a search of the hallways, garage and basement; she consented, in other words, to a search of the property that was broader than what was spelled out in the search warrant. "[T]he law is clearly established that a law enforcement officer may not exceed the scope of a lawfully obtained search warrant unless one of the exceptions to the warrant requirement apply." *Horton v. California*, 496 U.S. 128, 140 (1990).

Consent is one such exception. "A consent search is reasonable only if kept within the bounds of the actual consent." *U.S. v. Acosta*, 110 F.Supp.2d 918, 924 (E.D. Wis. 2000)(citing *United States v. Dichiarinte*, 445 F.2d 126, 129 (7th Cir. 1971)). Here, plaintiff does not allege that the search exceeded the scope of the consent; he alleges that the search exceeded the scope of the warrant. The consent and the warrant are both attached to the complaint. His allegations effectively plead him out of court on this claim.

Finally, although plaintiff has named several Doe Defendants, he alleges that "some of all of the additional Defendants" entered the property. TAC, ¶14. To the

extent plaintiff cannot allege personal involvement on the part of those unknown defendants, his claim would fail as to those defendants for that reason as well. *E.g. Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir.1997)("[P]ersonal involvement is a prerequisite for individual liability in a § 1983 action."); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983)(An "individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation" since "[s]ection 1983 creates a cause of action based upon personal liability and predicated upon fault")).

C. <u>The Claims against Brzeczek</u>

Finally, defendants argue that the claims against defendant Brzeczek are barred by the applicable statute of limitations. If plaintiff had standing to pursue a claim against Brzeczek (and he does not), the Court agrees that the claim would be time-barred.

"While Section 1983 does not contain an express statute of limitations, a federal court must adopt the forum state's limitations period for personal injury claims" which, in Illinois is two years. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001)(citing 735 ILCS § 5/13–202; *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998)). The events alleged in the TAC occurred on March 3, 2012. Brzeczek was not named as a defendant until October 8, 2014. Thus, unless plaintiff can show that the allegations against Brzeczek relate back to an earlier version of the complaint that was filed within the statutory period, his claims against Brzeczek are time-barred.

Federal Rule of Civil Procedure 15(c)(2) provides that an amended complaint relates back to the date of the original complaint for purposes of tolling the statute of limitations where "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Generally, an amended complaint in which "the plaintiff merely adds legal conclusions or changes the theory of recovery will relate back to the filing of the original complaint if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." *Henderson*, 253 F.3d at 931. A sufficient factual nexus exists where the amended complaint asserts a newly specified claim "based on same core of facts advanced in the original." *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002).

Plaintiff submitted[1] his initial Complaint on May 25, 2012. That complaint alleged that the then-named defendants (Officer Kubik, Officer Caruso and Officer O'Keefe) arrested him on August 22, 2011 based upon racial profiling. The complaint does not name Brzeczek, does not challenge the validity or execution of the search warrant in March of 2012, and does not make any claim for property damage or constitutional deprivations resulting from any search. The initial Complaint is not "based on the same core facts advanced" in the subsequent complaints.

---

[1] The Complaint was not filed at that time because plaintiff sought leave to proceed *in forma pauperis*, which was granted [4]; the original Complaint was filed on June 5, 2012 [5].

11

Plaintiff submitted an Amended Complaint on October 23, 2013. The Amended Complaint named only Sergeant Pryor and alleged that a warrant was served on the home of Ethel McFadden on March 19, 2013 and that, in the execution of that warrant, her property was damaged [23]. The Amended Complaint also does not mention Brzeczek; nor does it mention a March 2012 search.

Plaintiff filed his Second Amended Complaint on June 4, 2014, naming Sergeant Pryor, John Does 1-12 and Jane Does 1-12, and alleging that, on March 19, 2013, Sergeant Pryor executed a search warrant at Ethel McFadden's home and, in the course of that execution, defendants exceeded the scope of the warrant and caused extensive property damage [45].

Plaintiff filed his Third Amended Complaint on October 8, 2014 [57]. The TAC names Officer Brzeczek for the first time; it also alleges for the first time a claim arising out of the execution of the search warrant on March 3, 2012. [57], ¶14. Attached to the TAC – and made a part of the record for the first time – is a police report documenting the March 2, 2012 incident that indicates Brzeczek was the supervisor assigned to the search.

Plaintiff argues that "the illegal search occurred on March 3, 2012. In June 5, 2012, Plaintiff filed the original complaint based on facts related to the March 3, 2012 incident." Response, p. 8. But that initial complaint would not have put Brzeczek on notice of any potential claim against him. Indeed, the substance of that original complaint is very different from the substance of the TAC; that complaint

focuses on plaintiff's August 2011 arrest and not on the March 2012 search. The first complaint to allege a claim arising out of the March 2012 incident is the TAC, which was filed October 8, 2014. The First Amended and Second Amended Complaints do include allegations that are similar to those alleged in the final version (i.e., property damage resulting from an unconstitutional search of plaintiff's mother's home), but they both allege that the incident occurred on March 19, 2013. They do not, however, include the police report, do not mention Brzeczek and do not include any allegations that could have alerted Brzeczek that a claim against him would be forthcoming.

Additionally, even if the Court were to find that the facts were sufficiently similar, plaintiff's relation back argument would fail under Rule 15(c)(1)(C). In addition to showing that the claim asserted in the TAC arose out of the same conduct as the conduct alleged in the First or Second Amended Complaint, for the TAC to relate back to one of these, plaintiff would still have to show that Brzeczek either received notice of the action such that he will not be prejudiced by the amendment and knew or should have known that the action would have been brought against him, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The TAC suggests that plaintiff may not have known the accurate search date or the proper defendants when he filed the prior complaints. TAC, ¶11. A lack of knowledge is not a mistake under Rule 15(c). *E.g., Mitchell v. Nesemeier*, No. 11 C 50329, 2013 WL 5587887, at *4-7 (N.D. Ill. Oct. 9, 2013). Thus, plaintiff's claim against Brzeczek is time-barred.

Conclusion

For the reasons explained above, defendants' motion to dismiss [72] is granted, and the Third Amended Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

Dated: June 25, 2015

ENTERED:

*[signature]*

John Robert Blakey
United States District Judge